EDWIN R. HARRIS, Appellant, v. A. T. BARNETT et al.

Division One, July 31, 1923.

1. **CORPORATION**: Selling Stock Without Permit: Action for Damages against Directors: Pleading Cause of Action. A petition alleging that a certain oil company is a corporation existing by virtue of a charter granted by the State; that defendants are its directors, and sold to him certain shares of its stock for five hundred dollars; that they had not previously obtained from the Bank Commissioner a permit to sell its stock, and that by reason thereof said stock is void and worthless; that the directors have converted the money plaintiff paid for said stock and used it to promote and exploit said company, and did so knowingly, wilfully and unlawfully, and making tender of such stock and praying actual damages for the amount paid and punitive damages in a large sum, does not state a cause of action.

2. ———: ———: ———: ———: Statute: No Allegation That Corporation is Domestic Investment Company. The Act of 1913 (Secs. 11919 et seq., R. S. 1919) is directed against and relates solely to investment companies, and in an action for damages against directors of a domestic corporation for the sale of its stock made without first obtaining a permit from the Bank Commissioner as such act requires, a petition which contains no allegation tending to show that the corporation was organized for a purpose which would show it to be an investment company, and that does not allege that the defendants were organized or incorporated or united in any such way as to bring them as a body within the terms of said act or that they were acting for such an organization, does not state a cause of action.

Appeal from Jackson Circuit Court.—*Hon. Allen C. Southern,* Judge.

AFFIRMED.

*Prince, Harris & Beery* for appellant.

(1) It is within the power of the State to adopt and enforce laws calculated to regulate the sale to the public, of securities, the purpose being to prevent fraud and deception, and save credulous and unsuspecting persons from imposition. Such is the legitimate function of government and clearly within its police power. Hall v. Geiger-Jones Co., 242 U. S. 539; Merrick v. Halsey, 242 U. S. 568; Schmidt v. Stortz, 236 S. W. 697. (2) The vendee of stock sold in defiance of the Blue Sky Law, is not *particeps criminis.* The purpose of the law is to protect the vendee and punish the vendor. The statute by the distinction it makes has marked the offender, for the penalties are all on one side. Edward v. Ioor, 172 N. W. 622; State v. Gopher, T. & R. Co., 177 N. W. 938; Hines v. Pkg. Co., 187 N. W. 875. (3) A purchaser of stock has a right to assume that the vendor has complied with all legislative requirements before attempting to sell stock in this State, and that the Bank Commissioner has been afforded an opportunity for detailed examination into the affairs of the company whose stock is offered for sale and that said bank commissioner has found that such "company is solvent, that its articles of incorporation or association, its constitution and by-laws, its proposed plan of business and proposed contract contain and provide for a fair, just and equitable plan for the transaction of business." (R. S. 1919, sec. 11923). It is a familiar rule that a fraudulent representation may be effected by conduct, by acts as well as by words. Hines v. Packing Co., 187 N. W. 876; Ottinger v. Bennett, 203 N. Y. 554. (4) The violation of a duty enjoined by statute, imposed for the public benefit, entitles one in-

jured thereby to action for damages. Cheek v. Ins. Co., 192 S. W. 387, 252 U. S. 567. (5) The statute prohibits the sale of stock in this State without official permission. Such a prohibition is as effective to make a sale of stock void as if the statute had in terms declared such sales to be void. The general rule of law is that where an act is prohibited or declared unlawful, it is not necessary for the law to declare the act void. An unlawful act is itself void. Tri-State Amusement Co. v. Amusement Co., 192 Mo. 404; Booth v. Scott, 276 Mo. 1; Downing v. Ringer, 7 Mo. 586; Park Davis & Co. v. Mullett, 245 Mo. 168. (6) The so-called stock which the defendants sold to the plaintiff and which is represented by a paper called a "certificate of stock," having been sold in violation of positive law, is, therefore, absolutely void not merely voidable. Tri-State Amusement Co. v. Amusement Co., 192 Mo. 404; Park Davis & Co. v. Mullett, 245 Mo. 168; Downing v. Ringer, 7 Mo. 586; Amal. Z & L. Co. v. Mining Co., 221 Mo. 7; In re Comstock, Fed. Cases, 3078.

*Brown Harris* and *Hogsett & Boyle* for respondents.

(1) The petition does not state facts sufficient to constitute a cause of action against any of the respondents. (a) There are no facts alleged in the petition to show that the defendants were an "investment company," and there is therefore no showing that the Blue Sky Law has any application whatsoever. Sec. 11919, R. S. 1919. The Blue Sky Law is a statute in derogation of the common law and must therefore be strictly construed and applied only to such transactions as clearly fall within its purview. Taff v. Tallman, 277 Mo. 166; Perry v. Strawbridge, 209 Mo. 621; Sanders v. Railway, 116 Mo. App. 614; Thomas v. Maloney, 142 Mo. App. 193; State ex rel. v. McQuillin, 246 Mo. 517. Since plaintiff undertook to found his case upon a particular statute, the burden was upon him to state facts in his petition which would clearly bring his case within its provisions. Barker v. Ry. Co., 91 Mo. 91; Dulaney v. Mo.

Pac. Ry. Co., 21 Mo. App. 599; McIntosh v. Mo. Pac. Ry. Co., 103 Mo. 133; Case v. Mining Co., 103 Mo. App. 477; Sparks v. Railroad Co., 31 Mo. App. 111; Hamilton v. Railroad, 39 Kan. 56; City of Eureka v. Merrifield, 53 Kan. 797; Showen v. St. Ry. Co., 164 Mo. App. 48. The Blue Sky Law had no application to the defendants. State ex rel. v. Lee, 233 S. W. 27. (b) There were no facts alleged showing that the failure to obtain a permit rendered the stock plaintiff bought "void and worthless," but plaintiff merely states his conclusion that such was the case. This conclusion is to be wholly disregarded on a demurrer to the petition. Boothe v. Cheek, 253 Mo. 119; Lee v. Lee, 258 Mo. 599; State v. Lee, 233 S. W. 25; Plymell v. Meadows, 170 Mo. App. 37; Const. Co. v. Const. Co., 176 Mo. App. 608; Bird v. Rowell, 180 Mo. App. 421; Chemical. Works v. Nemnich, 169 Mo. 388; Lappin v. Nichols, 263 Mo. 291. A petition in order to state a cause of action must state facts showing that the damage claimed was the proximate result of the wrong alleged. 29 Cyc. 572, 573; Shunk v. Harvey, 223 S. W. 1069; Jackson v. Butler, 249 Mo. 366. Plaintiff's conclusion that the failure to obtain a permit rendered the stock void and worthless is unsound as a matter of law. Totman v. Christopher, 237 S. W. 824. (c) The petition does not claim that defendants represented that they had obtained a permit, or that plaintiff believed they had done so, or that this had anything whatever to do with inducing plaintiff to buy his stock. 29 Cyc. 572, 573; Jackson v. Butler, 249 Mo. 366. (d) The petition does not allege any facts showing that the failure to obtain a permit was in any way the proximate cause of plaintiff's damage. Plaintiff's loss was due to a failure to strike oil, not to a failure to obtain a permit from the Bank Commissioner. Totman v. Christopher, 237 S. W. 822. If defendants had obtained a permit from the Bank Commissioner before plaintiff bought his stock, the Signet Oil & Gas Company would have struck the same "dry holes," and plaintiff would have suffered the same

loss. Stack v. General Baking Co., 283 Mo. 417. Since the petition states no facts showing that the failure to obtain a permit was the proximate cause of the damage, it states no cause of action. 29 Cyc. 572, 573.

JAMES T. BLAIR, J.—This case has been reassigned. This is an appeal from a judgment for defendants upon appellant's refusal to plead over after demurrers had been sustained to the petition following:

"Comes now the plaintiff and states that the defendants Signet Oil & Gas Company is a corporation, existing under and by virtue of a charter granted by the State of Missouri; that the defendants E. G. Huston, S. McCaughey, A. T. Barnett, Roy E. Moynihan, W. H. Clark and Emil Dorn were directors of said company previous to May 3, 1918; that on the 15th of October, 1918, B. C. Christopher, Jr., and A. M. Clark became directors.

"Plaintiff further states that on or about the 3rd day of May, 1918, he purchased of the defendants for the sum of five hundred dollars, ten shares of stock in the Signet Oil & Gas Company, a corporation; that said stock was a part of two thousand shares of stock which the defendants sold in the State of Missouri, as an incident to the promotion and exploitation of said Signet Oil & Gas Company. That previous to the selling of said stock, to the plaintiff herein, the defendants E. H. Huston, A. T. Barnett, S. McCaughey, Roy E. Moynihan, W. H. Clark and Emil Dorn, obtained no permit to sell stock in Missouri, from the Bank Commissioner of the State of Missouri; that by virtue thereof, said stock and the contract for the purchase thereof, is void and worthless; that the proceeds of said stock has been converted by the defendants and utilized by them, in the exploitation aforesaid, all of which was done knowingly, wilfully, intentionally and unlawfully.

"That prior to the filing of this petition plaintiff has tendered to defendants said worthless stock and again tenders the same herein.

"That although the defendants A. M. Clark and B. C. Christopher did not become directors of said company until after said stock was sold, they, as directors, were familiar with the affairs of the company, and as directors had control over the disbursement of the funds derived from the sale of stock aforesaid.

"Wherefore, because of the aforementioned facts, plaintiff prays damages against the defendants in the sum of five hundred dollars, with interest thereon from the 3rd day of May, 1918, and his costs in this behalf incurred and expended.

"That because the acts of the defendants were wilfull and unlawful, plaintiff asks punitive and exemplary damages in the sum of seventy-five hundred dollars."

Before he took his appeal appellant dismissed as to the Signet Oil & Gas Company.

Appellant's position is that the sale alleged was violative of the Act of 1913 (Secs. 11919 et seq., R. S. 1919) and that his right to damages accrued from that fact. The act in question is directed against investment companies which are defined as "every corporation, every co-partnership or company and every association" (other than certain designated organizations) "organized or which shall be organized in this State, whether incorporated or unincorporated, which shall sell or negotiate for the sale of any stock, bonds, or other securities of any kind or character" (other than designated obligations) "to any person or persons in the State of Missouri, other than those specifically exempted herein." It provides that each of such organizations "shall be known for the purpose of this article as a domestic investment company." Foreign investment companies are then defined. The act and its requirements and prohibitions relate solely to investment companies as these are defined in it. The title of the act (Laws 1913, p. 112) confines the act to investment companies. The petition contains no allegation of fact which tends to show that the corporation, originally a party, was organized for a pur-

pose which would show it to be an investment company under the act. It is not alleged that the defendants (who do not now include the corporation) were organized or incorporated or united in any way such as to bring them as a body within the terms of the act nor that they were acting for any such organization. It is alleged, so far as this question is concerned, simply that the individual defendants sold appellant ten shares of stock in the corporation; "that said stock was a part of two thousand shares of stock which the defendants sold as an incident to the promotion and exploitation of said Signet Oil & Gas Company;" and had secured no permit under the act in question. Appellant plants his cause of action solely upon the statute. It was necessary for him to allege facts which would bring his case within it. [Chandler v. Railroad, 251 Mo. l. c. 600, 601.] It is clear that he has not done this, and other questions need not be considered. There is nothing alleged which excludes the idea that the respondents individually owned the stock sold, or all the stock. The petition is bad for the reason stated, if for no other, the ruling of the trial court in sustaining the demurrer was right, and its judgment is affirmed. *Graves, P. J.,* and *Ragland, J.,* concur; *Woodson, J.,* dissents.